Daniel C. Girard (State Bar No. 114826)
Adam E. Polk (State Bar No. 273000)
Angelica M. Ornelas (State Bar No. 285929)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
*dcg@girardgibbs.com*
*aep@girardgibbs.com*
*amo@girardgibbs.com*

Jonathan B. Cohen (Florida Bar No. 0027620)*
Rachel Soffin (Florida Bar No. 018054)*
John A. Yanchunis (Florida Bar No. 324681)*
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
*jcohen@forthepeople.com*
*rsoffin@forthepeople.com*
*jyanchunis@forthepeople.com*

*\* Pending pro hac vice application*

*Attorneys for Plaintiff and putative Class Members*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PIETERSON, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff, Albert Pieterson ("**Plaintiff**"), individually and on behalf of all others similarly situated, sues Defendant, Wells Fargo Bank, N.A. ("**Defendant**"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

**NATURE OF ACTION**

1.      Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the unlawful conduct of Defendant in negligently or knowingly and/or willfully placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("**TCPA**").

**JURISDICTION AND VENUE**

2.      This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., which is a law of the United States.  This Court also has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000, as each putative Class Member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly and/or willfully placed in violation of the TCPA, exclusive of attorney fees, pre-judgment interest, and costs, and is a class action in which Plaintiff is a citizen of a state different from Defendant.

3.      Under 28 U.S.C. § 1391, venue is proper in the Northern District of California because many of the acts giving rise to this action occurred in this District, Defendant maintains its principal corporate address in this District, conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

**INTRADISTRICT ASSIGNMENT**

4.      Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to either the San Francisco Division or the Oakland Division is proper because a substantial part of the conduct at issue in this case occurred in San Francisco County.

CLASS ACTION COMPLAINT
CASE NO.

**PARTIES**

5.     Plaintiff, Albert Pieterson, is and was at all times relevant to this matter a resident of the state of Florida, residing in Orlando, Orange County, Florida.

6.     Defendant, Wells Fargo Bank, N.A. ("**Wells Fargo**"), is a national bank and subsidiary of Wells Fargo & Company with a principal corporate address of 420 Montgomery Street, San Francisco, California 94104.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq*.**

7.     The TCPA, 47 U.S.C. §§ 227, *et seq*., was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

8.     Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

9.     The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct. 740, 745 181 L. Ed. 2d 881 (2012).

10.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B*., 746 F.3d 1242 (11th Cir. 2014).

**FACTUAL ALLEGATIONS**

11.     At all relevant times, Plaintiff was an individual residing in the state of Florida. He is a "person" as defined by 47 U.S.C. § 153(39).

12.     Plaintiff has been a Verizon Wireless subscriber and holder of his cellular telephone number, (321) XXX-7599, since 2012.

13.     Between August 2016 and March 2017, Defendant placed fifteen (15) or more calls to Plaintiff's cellular telephone regarding a credit card debt owed by a person unknown to Plaintiff. Most

CLASS ACTION COMPLAINT
CASE NO.

recently, Defendant placed calls to Plaintiff's cellular telephone number on March 25, 2017. The automated debt collection calls, which originated from telephone number (800) 988-8019, identified "Edgar," a person unknown to Plaintiff, as the intended recipient and used an artificial or prerecorded voice.

14.     All of the calls placed by Defendant to Plaintiff's cellular telephone number were made using an ATDS, which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, as specified by 47 U.S.C § 227(a)(1).

15.     Plaintiff has never been a customer of Wells Fargo.

16.     Plaintiff did not provide his cellular telephone number to Defendant, nor did Plaintiff ever provide express consent for Defendant to place calls to his cellular telephone regarding debts owed by a person named "Edgar" or any other subject matter.

17.     Plaintiff answered certain calls placed by Defendant to his cellular telephone, informed Defendant that he was not the intended recipient of the calls, and requested that Defendant stop calling him.

18.     Defendant's robocalls, as received by Plaintiff, did not provide him the opportunity to opt out of or request the cessation of Defendant's calls, as evidenced by the fact that Defendant continued placing calls to Plaintiff's cellular telephone number after he informed Defendant that he was not the intended recipient and requested that the calls cease.

19.     As a result of the calls described above, Plaintiff and putative Class Members suffered an invasion of privacy, as well as particularized and concrete injuries, including the inducement of stress, anxiety, nervousness, embarrassment, distress, and/or aggravation. Plaintiff and putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such calls. Additionally, due to both the answered and unanswered calls placed by Defendant, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, unavailability of their cellular telephones while Defendant's calls were incoming, and trespass upon their respective chattels. All of the above-mentioned injuries were caused by, and/or

CLASS ACTION COMPLAINT
CASE NO.

directly related to, Defendant's placement of calls to Plaintiff and putative Class Members by using an ATDS to call their cellular telephone numbers.

20.     The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

21.     The pertinent calls were not placed for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

22.     Defendant's placement of calls using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

23.     In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited cellular telephone calls and an award of statutory damages and actual damages to putative Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated,.   Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons within the United States who, between September 18, 2014 and the present, (1) received a non-emergency call to their cellular telephone numbers; (2) through the use of an automatic telephone-dialing system or an artificial or prerecorded voice; (3) from Defendant; (4) regarding the collection of alleged debts in connection with Wells Fargo credit card accounts.

The Class definition is subject to amendment as needed.

25.     Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.  Also excluded from this action are any claims for personal injury, wrongful death and/or

4

CLASS ACTION COMPLAINT
CASE NO.

emotional distress.  Members of the above-defined Class can be easily identified through Defendant's records.

**Numerosity**

26.    At the time of filing, Plaintiff does not know the exact number of putative Class Members.  However, the volume of credit cards issued by Defendant and the number of consumers identified as putative class members in the settled case of *Franklin v. Wells Fargo, Bank, N.A.*, Case No. 14-cv-2349-MMA-BGS (S.D. Cal.) affirms that Class Members likely number in the hundreds of thousands, if not millions, and are geographically disbursed throughout the country.

27.    The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

**Predominance of Common Questions of Law and Fact**

28.    This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members.  The common legal and factual questions include at least the following:

  a.  whether Defendant uses an automatic telephone-dialing system to place calls to cellular telephones;

  b.  whether between September 18, 2014 and the present, Defendant used an automatic telephone-dialing system to place calls to the cellular telephones of Plaintiff and putative Class Members;

  c.  whether between September 18, 2014 and the present, Defendant used an artificial or prerecorded voice in connection with its placement of autodialed calls to the cellular telephones of Plaintiff and putative Class Members;

  d.  whether Defendant is subject to the TCPA;

  e.  whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to place calls to their cellular telephones using an automatic telephone-dialing system;

  f.  whether Defendant's conduct violates the TCPA;

  g.  whether Defendant's conduct was negligent;

5

CLASS ACTION COMPLAINT
CASE NO.

h.  whether Defendant's conduct was knowing and/or willful;

i.  whether Defendant is liable for damages, and the amount of such damages;

j.  whether Plaintiff and putative Class Members are entitled to declaratory relief;

k.  whether Defendant should be enjoined from engaging in such conduct in the future; and

l.  whether Plaintiff and Class Members are entitled to any other remedy.

### Typicality

29.  Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the placement of calls to cellular telephones for non-emergency purposes and without prior express consent.

30.  Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members.  Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

### Adequacy

31.  Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations.  Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

### Superiority

32.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

a.  The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

b.  Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

CLASS ACTION COMPLAINT
CASE NO.

c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts.  Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f. No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g. The litigation and trial of Plaintiff's claims are manageable;

h. Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by placing calls to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i. Because Plaintiff seeks injunctive relief and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their

7

CLASS ACTION COMPLAINT
CASE NO.

respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227,** *et seq.*

33. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 32.

34. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

35. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

36. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every non-emergency call placed in violation of the TCPA.

37. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

38. Plaintiff and Class Members are also entitled to an award of costs and expenses.

### COUNT II

**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227,** *et seq.*

39. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 32.

40. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

41. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq*.

CLASS ACTION COMPLAINT
CASE NO.

42.     Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every non-emergency call placed in violation of the statute.

43.     Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

44.     Plaintiff and Class Members are also entitled to an award of costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A.      $500.00 in statutory damages for each and every call negligently placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B.      $1,500.00 in statutory damages for each and every call willfully and/or knowingly placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.      An award of actual damages resulting from Defendant's violations of the TCPA;

D.      Injunctive relief seeking the implementation of measures by Defendant to stop future violations of the TCPA;

E.      An award of costs and expenses to Plaintiff's counsel;

F.      An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

G.  Any additional relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated:  April 25, 2017                              Respectfully submitted,

_/s/ Daniel C. Girard_

Daniel C. Girard (State Bar No. 114826)
Adam E. Polk (State Bar No. 273000)
Angelica M. Ornelas (State Bar No. 285929)

9

CLASS ACTION COMPLAINT
CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:   (415) 981-4846
*dcg@girardgibbs.com*
*aep@girardgibbs.com*
*amo@girardgibbs.com*

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

Jonathan B. Cohen (Florida Bar No. 0027620)*
Rachel Soffin (Florida Bar No. 018054)*
John A. Yanchunis (Florida Bar No. 324681)*
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
*jcohen@forthepeople.com*
*rsoffin@forthepeople.com*
*jyanchunis@forthepeople.com*

*\* Pending pro hac vice application*

*Attorneys for Plaintiff and putative Class Members*

10
CLASS ACTION COMPLAINT
CASE NO.