1   MARK D. LONERGAN (State Bar No. 143622)
    mdl@severson.com
2   REBECCA S. SAELAO (State Bar No. 222731)
    rss@severson.com
3   SEVERSON & WERSON
    A Professional Corporation
4   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
5   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
6
    Attorneys for Defendant
7   WELLS FARGO BANK, N.A.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ALBERT PIETERSON, *on behalf of himself*    Case No. 3:17-cv-02306-EDL
    *and all others similarly situated*,
12                                              **CLASS ACTION**
                        Plaintiff,
13                                              **ANSWER TO COMPLAINT**
            vs.
14                                              Action Filed:      April 25, 2017
    WELLS FARGO BANK, N.A.,
15                                              **DEMAND FOR JURY TRIAL**
                        Defendant.
16

17

18                          **INTRODUCTION**

19          Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), in answer to Plaintiff

20  Albert Pieterson's ("Plaintiff") Complaint, filed on April 25, 2017 ("Complaint"), responds to

21  each of Plaintiff's numbered allegations as follows, and denies all allegations except as expressly

22  admitted below.  Defendant uses the headings below solely for ease of reference, and does not

23  admit, and instead denies, any factual allegations contained in the headings.

24                          **NATURE OF ACTION**

25          1.      In response to Paragraph 1, Wells Fargo responds that this Paragraph contains legal

26  conclusions that do not require a response.  The TCPA, 47 U.S.C. § 227 *et seq*. ("TCPA"), is a

27  federal statute that speaks for itself.  Wells Fargo denies that it violated the TCPA or any other

28  law, denies that Plaintiff or putative class members were injured in any respect, denies that this

1   case is suitable for class treatment, denies that Plaintiff or putative class members are entitled to

2   any relief whatsoever, and denies each and every remaining allegation of this paragraph.

3                                    **JURISDICTION AND VENUE**

4          2.      In response to Paragraph 2, Wells Fargo responds that this Paragraph contains a

5   legal conclusion that does not require a response.  To the extent a response is required, Wells

6   Fargo admits that this Court has federal question jurisdiction over this action.  Wells Fargo further

7   denies that it violated the TCPA or any other law, denies that Plaintiff or the putative class are

8   entitled to any relief whatsoever, and further denies each and every remaining allegation of this

9   paragraph.

10         3.      In response to Paragraph 3, Wells Fargo responds that this Paragraph contains a

11  legal conclusion that does not require a response.  To the extent a response is required, Wells

12  Fargo admits that it conducts business in this District.  Regarding the allegation that "many of the

13  acts giving rise to this action occurred in this District," Wells Fargo denies that it violated the

14  TCPA in any respect, and otherwise lacks information or belief sufficient to answer this

15  allegation, and on that ground denies it.  Further, Wells Fargo denies that it "maintains its

16  principal corporate address in this District."  Wells Fargo avers that it is a national bank organized

17  and existing under the National Bank Act, 12 U.S.C. §§ 21 *et seq*., with its main office in South

18  Dakota.

19                                   **INTRADISTRICT ASSIGNMENT**

20         4.      In response to Paragraph 4, Wells Fargo lacks information or belief sufficient to

21  answer these allegations, and on that ground denies them.

22                                            **PARTIES**

23         5.      In response to Paragraph 5, Wells Fargo lacks information or belief sufficient to

24  answer these allegations, and on that ground denies them.

25         6.      In response to Paragraph 6, Wells Fargo admits that it is a national bank and a

26  subsidiary of Wells Fargo & Company.  Wells Fargo admits that it has an address at 420

27  Montgomery Street, San Francisco, California 94104, but denies that this is its "principal

28

corporate address."  Wells Fargo avers that it is organized under the National Bank Act, 12 U.S.C.

§§ 21 *et seq*., with its main office in South Dakota.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, ET SEQ.

7.     In response to Paragraph 7, Wells Fargo responds that this Paragraph contains legal conclusions that do not require a response.  The TCPA, 47 U.S.C. § 227 *et seq*., is a federal statute that speaks for itself.  Wells Fargo denies that it violated the TCPA or any other law.

8.     In response to Paragraph 8, Wells Fargo responds that this Paragraph contains legal conclusions that do not require a response.  Section 227(b)(1)(A)(iii) of the TCPA speaks for itself.  Wells Fargo denies that it violated the TCPA or any other law.

9.     In response to Paragraph 9, Wells Fargo responds that this Paragraph contains legal conclusions that do not require a response.  The TCPA, 47 U.S.C. § 227 *et seq*., is a federal statute that speaks for itself.  Wells Fargo denies that it violated the TCPA or any other law.

10.     In response to Paragraph 10, Wells Fargo responds that this Paragraph contains legal conclusions that do not require a response.  The TCPA, 47 U.S.C. § 227 *et seq*., is a federal statute that speaks for itself.  Wells Fargo denies that it violated the TCPA or any other law.

## FACTUAL ALLEGATIONS

11.     In response to Paragraph 11, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

12.     In response to Paragraph 12, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

13.     In response to Paragraph 13, Wells Fargo lacks information or belief sufficient to answer the allegations that the number at issue corresponds to Plaintiff's cellular telephone, or that the identity of Wells Fargo's accountholder is unknown to Plaintiff, and on that ground denies each and every allegation of this paragraph.

14.     In response to Paragraph 14, Wells Fargo responds that this Paragraph contains legal conclusions that do not require a response.  To the extent any response is required, Wells Fargo denies each and every allegation of this paragraph.

15. In response to Paragraph 15, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

16. In response to Paragraph 16, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

17. In response to Paragraph 17, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

18. In response to Paragraph 18, Wells Fargo denies each and every allegation of this paragraph.

19. In response to Paragraph 19, Wells Fargo denies each and every allegation of this paragraph.

20. In response to Paragraph 20, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

21. In response to Paragraph 21, Wells Fargo responds that this Paragraph contains legal conclusions that do not require a response. To the extent any response is required, Wells Fargo lacks information or belief sufficient to answer these allegations, and on that ground denies them.

22. In response to Paragraph 22, Wells Fargo denies each and every allegation of this paragraph.

23. In response to Paragraph 23, Wells Fargo denies that it violated the TCPA or any other law, denies that Plaintiff or putative class members were injured in any respect, denies that this case is suitable for class treatment, denies that Plaintiff or putative class members are entitled to any relief whatsoever, and denies each and every remaining allegation of this paragraph.

CLASS ACTION ALLEGATIONS

24. In response to Paragraph 24, Wells Fargo denies that this action is appropriate for class certification. No further response is required to this paragraph, as it is merely a statement of Plaintiff's litigation goals and a proposed definition of Plaintiff's putative class. To the extent that any further response is necessary, Wells Fargo denies each and every allegation set forth in this paragraph, and denies each and every allegation in this paragraph's subparts.

25.     In response to Paragraph 25, Wells Fargo denies that this action is appropriate for class certification.  No further response is required to this paragraph, as it is merely a statement of Plaintiff's proposals regarding the scope of the putative class.  To the extent that any further response is necessary, Wells Fargo denies each and every allegation set forth in this paragraph.

**Alleged Numerosity**

26.     In response to Paragraph 26, Wells Fargo responds that it lacks information or belief sufficient to answer the allegations relating to Plaintiff's knowledge, and on that ground denies them.  Wells Fargo further denies that this action is appropriate for class certification and denies each and every remaining allegation of this paragraph.

27.     In response to Paragraph 27, Wells Fargo denies that this action is appropriate for class certification, and denies that Plaintiff or putative class members are entitled to any relief whatsoever.  Wells Fargo further lacks information or belief sufficient to answer the remaining allegations of this paragraph and on that ground denies them.

**Alleged Predominance of Common Questions of Law and Fact**

28.     In response to Paragraph 28, Wells Fargo denies that this action is appropriate for class certification.  To the extent that any further response is necessary, Wells Fargo denies that it violated the TCPA or any other law, denies that Plaintiff or any putative class member was injured in any respect, denies that Plaintiff or any putative class member is entitled to any relief whatsoever, and denies each and every remaining allegation of this paragraph and its subparts.

**Alleged Typicality**

29.     In response to Paragraph 29, Wells Fargo denies that this action is appropriate for class certification.  To the extent that any further response is necessary, Wells Fargo denies that it violated the TCPA or any other law, denies that "Plaintiff's claims are typical of the claims of putative Class Members," denies that Plaintiff or any putative class member was injured in any respect, denies that Plaintiff or any putative class member is entitled to any relief whatsoever, and denies each and every remaining allegation of this paragraph.

30.     In response to Paragraph 30, Wells Fargo denies that this action is appropriate for class certification.  To the extent that any further response is necessary, Wells Fargo denies that

1   "Plaintiff shares the [alleged] facts and legal claims and/or questions with all putative Class

2   Members," denies that it violated the TCPA or any other law, denies that Plaintiff or any putative

3   class member was injured in any respect, denies that Plaintiff or any putative class member is

4   entitled to any relief whatsoever, and denies each and every remaining allegation of this

5   paragraph.

6                                           **Alleged Adequacy**

7          31.    In response to Paragraph 31, Wells Fargo denies that this action is appropriate for

8   class certification.  To the extent that any further response is necessary, Wells Fargo denies each

9   and every allegation set forth in this paragraph.

10                                          **Alleged Superiority**

11         32.    In response to Paragraph 32, Wells Fargo denies that this action is appropriate for

12  class certification.  To the extent that any further response is necessary, Wells Fargo denies that it

13  violated the TCPA or any other law, denies that Plaintiff or any putative class member was injured

14  in any respect, denies that Plaintiff or any putative class member is entitled to any relief

15  whatsoever, and denies each and every allegation of this paragraph and its subparts.

16

17                                       **CAUSES OF ACTION**

18         **COUNT I:  ALLEGED NEGLIGENT VIOLATION OF THE
                TELEPHONE CONSUMER PROTECTION ACT
                      47 U.S.C. §§ 227 ET SEQ.**

19

20         33.    In response to Paragraph 33, Wells Fargo re-alleges and incorporates each and

21  every Paragraph above as though fully set forth herein.

22         34.    In response to Paragraph 34, Wells Fargo denies each and every allegation of this

23  paragraph.

24         35.    In response to Paragraph 35, Wells Fargo denies each and every allegation of this

25  paragraph.

26         36.    In response to Paragraph 36, Wells Fargo denies each and every allegation of this

27  paragraph.

28

1      37.     In response to Paragraph 37, Wells Fargo denies each and every allegation of this

2 paragraph.

3      38.     In response to Paragraph 38, Wells Fargo denies each and every allegation of this

4 paragraph.

5      **COUNT II: ALLEGED KNOWING AND/OR WILLFUL VIOLATION OF THE**
     **TELEPHONE CONSUMER PROTECTION ACT**
6      **47 U.S.C. §§ 227 ET SEQ.**

7      39.     In response to Paragraph 39, Wells Fargo re-alleges and incorporates each and

8 every Paragraph above as though fully set forth herein.

9      40.     In response to Paragraph 40, Wells Fargo denies each and every allegation of this

10 paragraph.

11      41.     In response to Paragraph 41, Wells Fargo denies each and every allegation of this

12 paragraph.

13      42.     In response to Paragraph 42, Wells Fargo denies each and every allegation of this

14 paragraph.

15      43.     In response to Paragraph 43, Wells Fargo denies each and every allegation of this

16 paragraph.

17      44.     In response to Paragraph 44, Wells Fargo denies each and every allegation of this

18 paragraph.

19      Further, Wells Fargo denies each and every allegation in Plaintiff's Prayer for Relief,

20 denies that this action is appropriate for class certification, and denies that Plaintiff or any member

21 of the putative class is entitled to any relief whatsoever.

22      **AFFIRMATIVE DEFENSES**

23      As further, separate, and affirmative defenses to the Complaint, Wells Fargo alleges:

24      **FIRST AFFIRMATIVE DEFENSE**

25      **(Claims Barred by Settlement, Release and Res Judicata)**

26      To the extent Plaintiff or putative class members seek to recover for any claims

27 encompassed by previously litigated or settled actions, Plaintiff's claims, including his purported

28 class claims and allegations, are barred as a result of prior settlements, releases, and the doctrine of

1   *res judicata*, including without limitation the class action settlements, releases, final approval

2   orders, and judgments in the actions captioned *Cross v. Wells Fargo Bank*, N.A., Case No. 15-

3   01270 (N.D. Ga.) (final approval order entered February 10, 2017), *Markos v. Wells Fargo*, Case

4   No. 15-1156 (N.D. Ga.) (final approval order entered January 30, 2017), *Franklin v. Wells Fargo*

5   *Bank, N.A*., Case No. 14-2349 (S.D. Cal.) (final approval order entered January 29, 2016), *Barani*

6   *v. Wells Fargo*, Case No. 12-02999 (S.D. Cal.) (final approval order entered March 6, 2015), and

7   *Malta v. Wells Fargo*, Case No. 10-01290 (S.D. Cal.) (final approval order entered June 21, 2013).

8   **SECOND AFFIRMATIVE DEFENSE**

9   **(Arbitration)**

10          Plaintiff's claims are barred to the extent his claims may be subject to a binding arbitration

11   agreement.  Further Plaintiff may not represent purported absent class members whose claims are

12   governed by binding arbitration agreements.  Many members of the putative class are bound by

13   arbitration agreements—including agreements that include class action waivers—precluding them

14   from taking part in this action or being represented by Plaintiff here.

15   **THIRD AFFIRMATIVE DEFENSE**

16   **(Statute of Limitations)**

17          Plaintiff's claims, and the claims of putative class members, are barred, in whole or in part,

18   to the extent they seek redress that is barred by the applicable statute of limitations, including, but

19   not limited to 28 U.S.C. § 1658.

20   **FOURTH AFFIRMATIVE DEFENSE**

21   **(Failure to State a Claim)**

22          The Complaint, and each and every cause of action therein, fails to state facts sufficient to

23   constitute a cause of action against Wells Fargo.

24   **FIFTH AFFIRMATIVE DEFENSE**

25   **(Unclean Hands/Laches/Estoppel)**

26          Plaintiff and putative class members did not notify Wells Fargo of the conduct alleged in

27   the Complaint within a reasonable time. For this, and additional reasons, each of the purported

28   causes of action set forth in the Complaint is barred by the equitable doctrines of laches, estoppel

1   and unclean hands.  Among other things, Plaintiff, and putative class members, knew of the

2   purported acts or omissions ascribed to Wells Fargo and were fully aware of their rights against

3   Wells Fargo (if any) but nevertheless inexcusably and unreasonably delayed in asserting those

4   rights, to the prejudice of Wells Fargo. For instance, Plaintiff seeks to recover for conduct

5   occurring over the span of four years, yet neither he nor other putative class members complained

6   about the conduct alleged in the Complaint until Plaintiff's suit was filed in 2017. The delay in

7   filing suit may result in difficulties in identifying and producing evidence material to defeating the

8   claims of class members.  Further, Plaintiff's claims, and the claims of putative class members, are

9   barred by judicial estoppel to the extent they failed to disclose such claims in their bankruptcy or

10  other judicial proceedings.

11  ## SIXTH AFFIRMATIVE DEFENSE

12  ### (Consent)

13  Any and all activities of Wells Fargo alleged in the Complaint were conducted with

14  consent, express and implied, of Plaintiff, putative class members, the owner/subscriber or the

15  regular user of the subject phone and/or other parties, persons, and entities, and Wells Fargo is

16  therefore free from actionable fault.

17  Consent to receive autodialed calls may be demonstrated in a myriad of ways. Consent can

18  also be demonstrated by communicating with Wells Fargo during calls with agents, via e-mail, via

19  online updates to account demographics, via letters, branch visits or during any other interaction

20  with Bank employees. Consent to be contacted via an autodialer on numbers associated with an

21  account is also expressly agreed to as part of agreements between Wells Fargo and its customers.

22  Different iterations of this written consent agreement govern the relationships of various class

23  members. In some instances, a third-party may consent for the individual receiving the call—such

24  as where a Wells Fargo's account holder provides a number belonging to a spouse or different cell

25  phone subscriber that is subsequently called by Wells Fargo in an effort to reach its account

26  holder.  Moreover other class members, governed themselves in a manner expressing consent—

27  such as by having multiple conversations with Wells Fargo on their cell phones without ever

28  complaining about that form of contact being an appropriate way for Wells Fargo to reach them to

1   discuss accounts belonging to spouses, clients, dependents, or references.

2   **SEVENTH AFFIRMATIVE DEFENSE**

3   **(No Use of ATDS)**

4   Wells Fargo did not use an automatic telephone dialing system ("ATDS") in violation of

5   the TCPA for any of the calls alleged to be at issue, as Wells Fargo's systems, equipment, and

6   methods for placing telephone calls do not meet the criteria for calls placed via ATDS.

7   **EIGHTH AFFIRMATIVE DEFENSE**

8   **(Waiver)**

9   Plaintiff's claims, and the claims of putative class members, against Wells Fargo are barred

10  by the doctrine of waiver.

11  **NINTH AFFIRMATIVE DEFENSE**

12  **(Compliance with Governing Law)**

13  Wells Fargo's compliance with the statutes, rules, and regulations which govern the

14  subject matter of this lawsuit precludes its liability to Plaintiff and/or putative class members.

15  **TENTH AFFIRMATIVE DEFENSE**

16  **(Bona Fide Error)**

17  Any statutory or common law violations, which Wells Fargo denies, were not intentional

18  and resulted, if at all, from a bona fide error notwithstanding maintenance of procedures

19  reasonably adapted to avoid such errors.

20  **ELEVENTH AFFIRMATIVE DEFENSE**

21  **(Excessive Fines)**

22  The award of statutory penalties against Wells Fargo would violate the prohibition against

23  excessive fines of the United States Constitution.  Statutory penalties violate due process rights

24  "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the

25  offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992)

26  (*quoting St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).  In the context of

27  Plaintiff's TCPA claims, the violation at issue—allegedly "making" a call to a cell phone that may

28  or not have been connected, received or answered—causes *de minimis* or no actual harm.

Imposition of a $500.00 or $1,500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

The imposition of statutory damages and/or punitive damages against Wells Fargo would violate the Due Process provision of the United States Constitution.  Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law."  E.g., *BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993). The TCPA affords discretion to award up to $1,500.00 "per violation."  Yet, the violation at issue—allegedly "making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm.  Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to Plaintiff and putative class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment—Content-Based Restriction)

Application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United States Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment—Free Speech)

The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech. *See Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Maintenance of Reasonable Policies and Procedures)**

Under any applicable statutes, including the TCPA, if there were a violation by Wells Fargo, which Wells Fargo denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and, therefore, was not willful or knowing.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiff's Complaint and each claim for relief therein is barred because Wells Fargo acted in good faith and Wells Fargo's conduct is and was privileged or justified, and Wells Fargo acted without malice. Thus, to the extent there was any statutory or common law violation, which Wells Fargo denies, such violation(s) were not knowing and willful.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Set-Off)**

Plaintiff's claims, and the claims of putative class members, are subject to set-off of all sums due and owing to Wells Fargo, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Actual Damages)**

Wells Fargo is informed and believes that Plaintiff and putative class members have not sustained any actual damages as a result of the calls at issue in this action.  For that reason, to the extent there was any violation of the TCPA, which Wells Fargo denies, Wells Fargo would be liable for no more than a $500.00 penalty pursuant to 47 U.S.C. § 227(b)(3)(B).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

Wells Fargo's lawful interest in contacting its customers — either for debt collection, informational purposes, or other account servicing activity — is necessary, and Wells Fargo reasonably believes such calls are necessary, to protect Wells Fargo's pecuniary interest in chattel and accounts, and its customers' interests. Further the conduct at issue is *malum prohibitum* and

1   not *malum in se*. Moreover, the harm inflicted to Plaintiff or putative class members in receiving

2   the alleged calls is not unreasonable as compared with the harm threatened to Wells Fargo's

3   interests and chattel if it is barred from placing such calls. Hence, Wells Fargo's conduct is

4   privileged and inactionable, and Plaintiff and putative class members cannot show conduct that

5   would result in the award of punitive damages.

6                          **TWENTIETH AFFIRMATIVE DEFENSE**

7                                  **(Calls Made)**

8          Plaintiff has failed to state a claim under the TCPA because Wells Fargo denies that any

9   call attempted is actually a call made pursuant to the language of the TCPA, 47 U.S.C.

10  § 227(b)(1)(A).

11                       **TWENTY-FIRST AFFIRMATIVE DEFENSE**

12                            **(Lack of Article III Standing)**

13         Plaintiff lacks Article III standing to assert his claims. Among other things, Plaintiff has

14  failed to allege and cannot prove that he suffered a concrete and particularized injury in fact as a

15  result of the telephone calls for which he seeks a recovery under the TCPA. *See Spokeo, Inc. v.*

16  *Robins*, 136 S. Ct. 1540 (2016).  Further, Wells Fargo is informed and believes that the members

17  of the putative classes Plaintiff purports to represent lack Article III standing to assert claims

18  against Wells Fargo.

19                      **TWENTY-SECOND AFFIRMATIVE DEFENSE**

20        **(Responsibility of Plaintiff, Putative Class Members or Third Parties)**

21         Any injury or damage to Plaintiff or putative class members was a result of the intentional,

22  negligent, or otherwise wrongful acts of Plaintiff, putative class members, and/or third parties, and

23  any claims against Wells Fargo should be reduced in proportion to the faults of those persons.

24                       **TWENTY-THIRD AFFIRMATIVE DEFENSE**

25                               **(Failure to Mitigate)**

26         Plaintiff's claims, and the claims of putative class members, are barred in whole or in part

27  as a result of his/their failure to mitigate alleged damages, if any. Further, to the extent Plaintiff or

28  putative class members seek recovery for actual damages, such damages, if any, should be reduced

in proportion to his/their failure to mitigate.  To the extent Plaintiff and putative class members contend they received multiple calls from Wells Fargo, they did so without objection and could have avoided additional calls by simply asking that Wells Fargo stop contacting them.  It is unfair and unjust for Wells Fargo to be held liable for calls placed as a result of Plaintiff's and putative class members' failure to take reasonable steps to notify Wells Fargo that he no longer owned the phone number in question.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Not the Called Party)**

Wells Fargo is informed and believes that Plaintiff and members of the putative classes he purports to represent were not the "called party" with respect to calls allegedly placed by Wells Fargo and, therefore, Plaintiff and the putative class cannot maintain any claims against Wells Fargo under the TCPA with respect to such calls.  Plaintiff and putative class members were not the "called party" for any telephone calls, as they were not the intended recipient of such calls and/or were not the subscriber, customary user, or authorized user for such calls.

**TWENTY-FIFTH Affirmative Defense**

**(Limitation of Liability)**

Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Wells Fargo and Plaintiff and/or putative class members.

**TWENTY-SIXTH Affirmative Defense**

**(Plaintiff Unable to Meet Requirements of Fed. R. Civ. Proc. 23)**

Plaintiff and purported class members cannot proceed with this case as a class action because Plaintiff's claims cannot meet the requirements of Federal Rules of Civil Procedure, Rule 23.  Individualized questions and answers predominate such that class representation is not superior to other available methods of fair and efficient adjudication of this controversy, as required by Federal Rules of Civil Procedure, Rule 23.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

Wells Fargo presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing against Wells Fargo by his Complaint and that the Complaint be dismissed with prejudice;

2.    That all costs of suit, including reasonable attorneys' fees, be awarded to Wells Fargo;

3.    That judgment be entered in favor of Wells Fargo; and

4.    That this Court award such further relief as it deems just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that Wells Fargo demands trial by a jury.

DATED:  June 9, 2017                        Respectfully submitted,

                                            SEVERSON & WERSON
                                            A Professional Corporation


                                            By:    _/s/ Rebecca S. Saelao_
                                                        Rebecca S. Saelao

                                            Attorneys for Defendant WELLS FARGO BANK, N.A.