Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*aornelas@girardsharp.com*

Jonathan D. Selbin (State Bar No. 170222)      Daniel M. Hutchinson (State Bar No. 239458)
**LIEFF CABRASER HEIMANN &**                   **LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**                             **BERNSTEIN, LLP**
250 Hudson Street, 8th Floor                   275 Battery Street, 29th Floor
New York, NY 10013                             San Francisco, CA 94111
Telephone: (212) 355-9500                      Telephone: (415) 956-1000
Facsimile: (212) 355-9592                      Facsimile: (415) 956-1008
*jselbin@lchb.com*                             *dhutchinson@lchb.com*

*Interim Co-Lead Counsel*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALBERT PIETERSON, *on behalf of himself and all others similarly situated*, | Case No. 3:17-cv-02306-EDL |
| Plaintiff, | **DECLARATION OF ANGELICA M. ORNELAS IN SUPPORT OF PLAINTIFFS' OCTOBER 24 LETTER BRIEF** |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |
| JOHN HASTINGS, *on behalf of himself and all others similarly situated*, | Case No. 3:17-cv-03633-EDL |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

I, Angelica M. Ornelas, hereby declare under penalty of perjury:

1.      I am an associate at the law firm of Girard Sharp LLP, and I am one of the attorneys of record for Plaintiff Albert Pieterson.

2.      I submit this declaration in support of Plaintiffs' October 24 Letter Brief. I have personal knowledge of the facts stated herein, and if called upon to do so, could and would testify competently thereto.

3.      On October 9, 2018, Wells Fargo produced a corrected sample of 1,000 telephone numbers. Defense counsel Mark Lonergan's explanation for the corrected sample is attached as **Exhibit A**.

4.      Plaintiffs served their expert disclosures, including a copy of Anya Verkhovskaya's expert report, by mail on October 15, 2018. Plaintiffs' counsel also sent defense counsel an electronic courtesy copy of those disclosures, including Ms. Verkhovskaya's report, the same evening, at 8:09 p.m. A copy of that correspondence is attached hereto as **Exhibit B**.

5.      Prior to Plaintiffs' emailing of Ms. Verkhovskaya's report, Ms. Saelao provided, at 7:30 p.m. on October 15, electronic copies of Notices of Service of Subpoenas to Provide Deposition Testimony and Documents on Plaintiffs' expert Anya Verkhovskaya, which had been served by mail the same day. The two notices indicated two options for dates and locations—October 25, 2018 in San Francisco, CA and October 26, 2018 in Milwaukee, WI. A copy of those notices and corresponding email is attached as **Exhibit C**.

6.      On October 16, I informed Ms. Saelao that Plaintiffs could not accommodate the noticed dates but would propose alternate dates. A copy of the parties' correspondence on this issue is attached as **Exhibit D**.

7.      Between October 17 and October 18, I met and conferred with Ms. Saelao by phone on three occasions. During those telephonic meet and confers, Ms. Saelao stated that Wells Fargo preferred an alternate date during the week of October 29. I provided Ms. Saelao with Ms. Verkhovskaya's first (but not only) available date—November 2. A copy of the parties' written correspondence on this issue is attached as **Exhibit E**.

1

8.     On October 18, Plaintiffs' counsel Daniel Hutchinson confirmed to defense counsel that November 2 was still Ms. Verkhovskaya's first available date. A copy of that correspondence is attached hereto as **Exhibit F**.

9.     Plaintiffs' counsel, including Daniel Hutchinson, Daniel Girard, and myself, met and conferred with defense counsel Rebecca Saelao and Mark Lonergan on October 22. During that meet and confer, Plaintiffs' counsel again confirmed that November 2 is the soonest (but not only) date Ms. Verkhovskaya is available for deposition and that Ms. Verkhovskaya is in depositions in other matters on the dates—October 25 and October 26—noticed in Wells Fargo's subpoenas. Plaintiffs' counsel also informed defense counsel that they intended to produce responsive materials on October 26, without waiving the right to assert appropriate objections. During the parties' meeting, Wells Fargo took the position that compliance with its subpoenas is not due until October 26. Defense counsel also stated that its letter brief was already drafted.

10.    At 4:59 p.m. on October 22, defense counsel Mark Lonergan emailed Plaintiffs' counsel Wells Fargo's portion of a joint letter brief addressing expert disclosure issues and asked that Plaintiffs provide their portion by no later than October 23. I informed Mr. Lonergan that Plaintiffs' counsel had received Wells Fargo's portion of the letter brief but would likely need more than 24 hours to respond. On October 23, 2018, I emailed Ms. Saelao to inform her that Mr. Girard and I would be in court the afternoon of October 23, Mr. Hutchinson was out of the state for a hearing in another matter, and Plaintiffs would therefore be unable to provide their portion of the joint letter that day. A copy of that correspondence is attached hereto as **Exhibit G**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed October 24, 2018, in San Francisco, California.

By: /s/ *Angelica M. Ornelas*
Angelica M. Ornelas

DECLARATION OF ANGELICA M. ORNELAS
IN SUPPORT OF PLAINTIFFS' OCTOBER 24 LETTER BRIEF
Case Nos. 3:17-cv-02306-EDL & 3:17-cv-03633-EDL

1

**ATTESTATION**

2       I, Daniel C. Girard, am the ECF user whose ID and password are being used to file this

3   document. In compliance with Civil Local Rule 5-1(i)(3), I certify that concurrence in this filing has

4   been obtained from all signatories.

5

6   Dated: October 24, 2018                      By: /s/ *Daniel C. Girard*

7                                                    Daniel C. Girard

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECLARATION OF ANGELICA M. ORNELAS
IN SUPPORT OF PLAINTIFFS' OCTOBER 24 LETTER BRIEF
Case Nos. 3:17-cv-02306-EDL & 3:17-cv-03633-EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the foregoing document to be served via email and mail on defense counsel.

/s/ *Daniel C. Girard*

---

4

DECLARATION OF ANGELICA M. ORNELAS
IN SUPPORT OF PLAINTIFFS' OCTOBER 24 LETTER BRIEF
Case Nos. 3:17-cv-02306-EDL & 3:17-cv-03633-EDL

EXHIBIT A

## Angelica Ornelas

| | |
|---|---|
| **From:** | Mark D. Lonergan <mdl@severson.com> |
| **Sent:** | Wednesday, October 10, 2018 5:51 PM |
| **To:** | Daniel Girard; Rebecca S. Saelao; Selbin, Jonathan D.; Hutchinson, Daniel M.; Angelica Ornelas; Kaufman, Andrew R. |
| **Cc:** | Genevieve R. Walser-Jolly; Adam A. Vukovic |
| **Subject:** | RE: Pieterson v. Wells Fargo |

Dan, I'm puzzled by your request below since I gave you exactly that explanation in our phone call yesterday. Perhaps you just wanted it in writing?

In any event, here it is:  The procedure for obtaining this sample is exactly the same as the one for the earlier sample, with one exception. When pulling the earlier sample, Wells Fargo initially identified a population of cell numbers that received a wrong number disposition in the course of an outbound call. Subsequently it identified a population that received a wrong number disposition as the result of an inbound call. When this latter group was added to the overall population, these cell numbers were not filtered to ensure that they in fact received a prerecorded message. That was one of the criteria for inclusion in the sample, as you will recall. Upon discovery that the sample population includes some cell numbers that did not receive a prerecorded message (or a dialer call, for that matter), we asked Wells Fargo to rerun the sample to correct the issue. That's what we provided to you.

I trust that answers your question and comports with the explanation I provided orally. Thanks.

**From:** Daniel Girard [mailto:dgirard@girardsharp.com]
**Sent:** Wednesday, October 10, 2018 10:22 AM
**To:** Rebecca S. Saelao; Selbin, Jonathan D.; Hutchinson, Daniel M.; Angelica Ornelas; Kaufman, Andrew R.
**Cc:** Mark D. Lonergan; Genevieve R. Walser-Jolly; Adam A. Vukovic
**Subject:** RE: Pieterson v. Wells Fargo

Rebecca,
Can you explain how this sample was extracted and how that procedure differed from the earlier sample WF produced?
Thank you,
Daniel

**From:** Rebecca S. Saelao [mailto:rss@severson.com]
**Sent:** Tuesday, October 09, 2018 1:49 PM
**To:** Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Angelica Ornelas; Kaufman, Andrew R.
**Cc:** Mark D. Lonergan; Genevieve R. Walser-Jolly; Adam A. Vukovic
**Subject:** RE: Pieterson v. Wells Fargo

Counsel,

Attached is a link to Wells Fargo's HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY production, Bates labeled WF_Pieterson 004065.  This is the rerun sample of 1,000 numbers with the criteria (WND, prerecorded message, and no litigation code).  The password will be provided separately.

https://severson.securevdr.com/d-s431bd194b544a8bb

Sincerely,

Rebecca



**Rebecca S. Saelao**
**Attorney**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5684
Email: rss@severson.com   www.severson.com

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

EXHIBIT B

## Angelica Ornelas

| | |
|---|---|
| **From:** | Angelica Ornelas |
| **Sent:** | Monday, October 15, 2018 8:09 PM |
| **To:** | Rebecca S. Saelao; Daniel Girard; 'Selbin, Jonathan D.'; 'Hutchinson, Daniel M.'; 'Kaufman, Andrew R.' |
| **Cc:** | Mark D. Lonergan |
| **Subject:** | RE: Pieterson/Hastings v. Wells Fargo - Expert Witness Disclosures |
| **Attachments:** | 2018-10-15 Plaintiffs Expert Disclosure.pdf |

Please see attached electronic courtesy copy of Plaintiffs' Expert Witness Disclosures, which were mailed today.

**From:** Rebecca S. Saelao [mailto:rss@severson.com]
**Sent:** Monday, October 15, 2018 8:00 PM
**To:** Angelica Ornelas; Daniel Girard; 'Selbin, Jonathan D.'; 'Hutchinson, Daniel M.'; 'Kaufman, Andrew R.'
**Cc:** Mark D. Lonergan
**Subject:** RE: Pieterson/Hastings v. Wells Fargo - Expert Witness Disclosures

Thanks.  If you'd like to do a simultaneous exchange, I can do that now / in the next 5 – 10 minutes, or else I can log back in an hour or so.

Rebecca

**From:** Angelica Ornelas [mailto:aornelas@girardsharp.com]
**Sent:** Monday, October 15, 2018 7:56 PM
**To:** Rebecca S. Saelao; Daniel Girard; 'Selbin, Jonathan D.'; 'Hutchinson, Daniel M.'; 'Kaufman, Andrew R.'
**Cc:** Mark D. Lonergan
**Subject:** Re: Pieterson/Hastings v. Wells Fargo - Expert Witness Disclosures

That's fine with us, Rebecca.

Angelica M. Ornelas
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800 (p)
(415) 981-4846 (f)
amo@girardgibbs.com
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to immediately delete it from your electronic device and to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.

**From:** Rebecca S. Saelao <rss@severson.com>
**Sent:** Monday, October 15, 2018 7:01:17 PM
**To:** Daniel Girard; 'Selbin, Jonathan D.'; 'Hutchinson, Daniel M.'; Angelica Ornelas; 'Kaufman, Andrew R.'

**Cc:** Mark D. Lonergan
**Subject:** RE: Pieterson/Hastings v. Wells Fargo - Expert Witness Disclosures

Angelica,  We're still willing to exchange email courtesy copies tonight.  Per our discussion earlier today, are you as well?

Thanks,

Rebecca

---

**From:** Rebecca S. Saelao
**Sent:** Monday, October 15, 2018 4:07 PM
**To:** 'Daniel Girard'; Selbin, Jonathan D.; 'Hutchinson, Daniel M.'; 'Angelica Ornelas'; Kaufman, Andrew R.
**Cc:** Mark D. Lonergan
**Subject:** Pieterson/Hastings v. Wells Fargo - Expert Witness Disclosures

Counsel,

Please let us know if you are agreeable to exchanging expert reports/disclosures via email today.

Thank you,

Rebecca



**Rebecca S. Saelao**
**Attorney**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5684
Email: rss@severson.com   www.severson.com

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

EXHIBIT C

**Angelica Ornelas**

| | |
|---|---|
| **From:** | Rebecca S. Saelao <rss@severson.com> |
| **Sent:** | Monday, October 15, 2018 7:30 PM |
| **To:** | Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Angelica Ornelas; Kaufman, Andrew R. |
| **Cc:** | Mark D. Lonergan; John B. Sullivan |
| **Subject:** | Pieterson v. Wells Fargo Bank |
| **Attachments:** | Pieterson - Notice of Service of Subpoena for Depo Testimony Oct 26 2018.pdf; Pieterson - Notice of Service of Subpoena for Depo Testimony Oct 25 2018.pdf |

Counsel,

Please see the attached notices, which were served by mail today. Per the notices, Wells Fargo intends to serve the attached deposition subpoenas on Anya Verkhovskaya. Please let us know whether you will accept service of the attached subpoenas, otherwise we have arranged to have them served directly on Ms. Verkhovskaya.

If you would like to enter into a reciprocal agreement to make experts available in the Northern District of California, we would be amenable to such an agreement. If so, we have noticed the deposition to occur October 25, in San Francisco. If travel to Milwaukee is necessary, we have noticed the deposition to occur October 26. Please let us know which date and noticed location you and Ms. Verkhovskaya prefer.

Thank you,

Rebecca S. Saelao



**Perla S. Cruz**
**Legal Assistant/Word Processor**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5648
Email: psc@severson.com   www.severson.com

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
REBECCA S. SAELAO (State Bar No. 222731)
rss@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| ALBERT PIETERSON, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:17-cv-02306-EDL<br><br>**DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND DOCUMENTS**<br><br>Date:      October 25, 2018<br>Time:     9:30 a.m.<br>Place:    Severson & Werson<br>              One Embarcadero Ctr., 26th Floor<br>              San Francisco, CA 94111 |
| JOHN HASTINGS, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:17-cv-03633-EDL |

DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND DOCUMENTS

1    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

3    Procedure, Defendant WELLS FARGO BANK, N.A., by its attorneys, will serve the subpoena

4    attached as **Exhibit A** on October 15, 2018, or as soon thereafter as service may be effectuated.

5

6    DATED:  October 15, 2018                    SEVERSON & WERSON
                                                 A Professional Corporation
7

8

9    By:  _____
                                                 Rebecca S. Saelao
10

11   Attorneys for Defendant WELLS FARGO BANK, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07685.1850/11719525.1                                               3:17-cv-02306-EDL

DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND
                                                                    DOCUMENTS

PROOF OF SERVICE

*Pieterson v. Wells Fargo Bank, N.A.,* 3:17-cv-02306-EDL
*John Hastings v. Wells Fargo Bank, N.A.,* 3:17-cv-03633-EDL

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On October 15, 2018, I served true copies of the following document(s):

**DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND DOCUMENTS**

Date:    October 25, 2018
Time:    9:30 a.m.
         Place:  Severson & Werson
         One Embarcadero Ctr., 26th Floor
         San Francisco, CA 94111

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 15, 2018, at San Francisco, California.

_____
Perla Cruz

07685.1850/11719525.1
2
3:17-cv-02306-EDL

DEFENDANT'S NOTICE OF SERVICE OF SUBPOEAN TO PROVIDE DEPOSITION TESTIMONY AND DOCUMENTS

SERVICE LIST
*Pieterson v. Wells Fargo Bank, N.A.,* 3:17-cv-02306-EDL
*John Hastings v. Wells Fargo Bank, N.A.,* 3:17-cv-03633-EDL

**Attorneys for Plaintiff *Albert Pieterson*:**

| | |
|---|---|
| Daniel C. Girard<br>Adam E. Polk<br>Angelica M. Ornelas<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94108 | Email: dgirard@girardsharp.com<br>Email: apolk@girardsharp.com<br>Email: aornelas@girardsharp.com<br><br>Tel.:   (415) 981-4800<br>Fax:   (415) 981-4846 |
| Frank H. Kerney, III<br>Octavio Gomez<br>John A. Yanchunis<br>**MORGAN AND MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Email: fkerney@forthepeople.com<br>Email: tgomez@forthepeople.com<br>Email: jyanchunis@forthepeople.com<br><br>Tel.:   (813) 223-5505<br>Fax:   (813) 222-4736 |
| Jonathan Betten Cohen<br>Rachel Lynn Soffin<br>**MORGAN AND MORGAN**<br>**COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Email: jcohen@forthepeople.com<br>Email: rsoffin@forthepeople.com<br><br>Tel.:   (813) 223-5505<br>Fax:   (813) 222-2434 |

**Attorneys for Plaintiff *John Hastings*:**

| | |
|---|---|
| Jonathan David Selbin<br>Daniel M. Hutchinson<br>LIEFF CABRASER HEIMANN & BERNSTEIN LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3336 | Email: jselbin@lchb.com<br>Email: dhutchinson@lchb.com<br><br>Tel.:   415-956-1000<br>Fax:   415-956-1008 |
| Andrew Kaufman<br>LIEFF CABRASER HEIMANN BERNSTEIN<br>One Nashville Place<br>150 Fourth Avenue, North<br>Suite 1650<br>Nashville, TN 37219-2423 | Email: akaufman@lchb.com<br><br>Tel.:   (615) 313-9000 |

DEFENDANT'S NOTICE OF SERVICE OF SUBPOEAN TO PROVIDE DEPOSITION TESTIMONY AND
DOCUMENTS

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| Albert Pieterson, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Wells Fargo Bank, N.A. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:17-cv-02306-EDL

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Anya Verkhovskaya
740 W GLEN OAKS LN, MEQUON, WI 53092-3337

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Severson & Werson, APC<br>One Embarcadero Ctr., 26th Floor<br>San Francisco, CA 94111 | Date and Time:<br><br>10/25/2018 9:30 am |
|---|---|

The deposition will be recorded by this method:   stenographic and/or audiovisual means.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/15/2018

CLERK OF COURT

_____       OR       _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Wells Fargo Bank, N.A.
_____ , who issues or requests this subpoena, are:
Rebecca S. Saelao, Severson & Werson, APC, One Embarcadero Center, Suite 2600, San Francisco, CA 94111,
415-398-3344, rss@severson.com,

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:17-cv-02306-EDL

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to each of the requests set forth herein and are deemed to be incorporated into each of said requests:

1.     The term "PLAINTIFFS" refers collectively to plaintiffs Albert Pieterson and John Hastings in the consolidated actions pending in the United Stated District Court for the Northern District of California, *Pieterson v. Wells Fargo Bank, N.A.*, No. 3:17-2306-cv-EDL and *Hastings v. Wells Fargo Bank, N.A.*, No. 3:17-cv-03633-EDL.

2.     The term "DOCUMENT" is used in the broadest possible sense and means any "writings," "recordings," or "photographs" as those terms are defined by Rule 1001·of the Federal Rules of Evidence and case law, including materials stored electronically or electromagnetically (such as electronic mail), and any drafts, alterations, modifications, and amendments of those writings, recordings, photographs, or materials.

3.     The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form (e.g., email, letter, notes, telephone conversation), including without limitation all correspondence and advertisements.

4.     "YOU" and "YOUR" means Anya Verkhovskaya and (i) all of her present and former employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, (ii) any other person or entity acting on his behalf or on whose behalf he acted, or (iii) any other person or entity otherwise subject to his control or with which he shares common control.

07685.1850/11718522.1

## REQUEST FOR DOCUMENTS

(1) The names, addresses and cellular telephone numbers of persons whom YOU contend are not Wells Fargo customers and whose telephone numbers were produced as part of WF_Pieterson 003416 and 004007-004008.

(2) The names, addresses and cellular telephone numbers of persons whom YOU contend are members of the putative class PLAINTIFFS seek to certify in the above-captioned case and whose telephone numbers were produced as part of WF_Pieterson 003416 and 004007-004008.

(3) The list of telephone numbers included in WF_Pieterson 003416 and 004007-004008 that YOU contend are associated with non-Wells Fargo customers.

(4) The list of telephone numbers included in WF_Pieterson 003416 and 004007-004008 that YOU contend are associated with members of the putative class PLAINTIFFS seek to certify in the above-captioned case.

(5)    The names, addresses and cellular telephone numbers of persons whom YOU contend are not Wells Fargo customers and whose telephone numbers were produced as part of WF_Pieterson 004065.

(6) The names, addresses and cellular telephone numbers of persons whom YOU contend are members of the putative class PLAINTIFFS seek to certify in the above-captioned case and whose telephone numbers were produced as part of WF_Pieterson 004065.

(7) The list of telephone numbers included in WF_Pieterson 004065 that YOU contend are associated with non-Wells Fargo customers.

(8) The list of telephone numbers included in WF_Pieterson 004065 that YOU contend are associated with members of the putative class PLAINTIFFS seek to certify in the above-captioned case.

(9)    All documents which YOU reviewed, read, or relied on in connection with YOUR expert assignment and/or report in this case.

(10)    All reports, COMMUNICATIONS, memoranda, writings, exhibits, or other documents prepared by YOU in the course of YOUR expert assignment in this case.

(11)    All reports, COMMUNICATIONS, memoranda, writings or other documents which reflect COMMUNICATIONS between YOU and PLAINTIFFS.

(12)    All COMMUNICATIONS between YOU and PLAINTIFFS' attorneys that identify facts or data provided by PLAINTIFFS' attorneys that YOU considered in forming YOUR opinion.

(13)    All COMMUNICATIONS between you and PLAINTIFFS' attorneys that identify assumptions provided by PLAINTIFFS' attorneys on which YOU relied upon in forming YOUR opinion.

(14)    All DOCUMENTS which reflect or refer to COMMUNICATIONS with anyone in connection with YOUR assignment in this case.

(15)    Any and all treatises, public information, pamphlets, books, or other research documents which YOU reviewed or consulted to formulate YOUR opinion offered in YOUR report.

(16)    All retainer agreements and billing files and writings, including electronic files, pertaining to or reflecting in any way PLAINTIFFS', or their attorneys of record, retention of YOU as an expert witness or consultant in this case and the services that YOU have performed or will perform herein.

(17)    A current curriculum vitae.

(18)    A list of all articles, books, pamphlets, or other writings drafted by YOU which have been published.

(19)    A list of all cases in which YOU have given deposition or trial testimony in the last 10 years.

(20)    All chart, exhibits, or demonstrative aids of any kind which YOU have used or anticipate using in connection with any deposition or trial in this action.

1  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
2  REBECCA S. SAELAO (State Bar No. 222731)
   rss@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8

                    UNITED STATES DISTRICT COURT
9
        NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION
10

11  ALBERT PIETERSON, *on behalf of himself*      Case No. 3:17-cv-02306-EDL
    *and all others similarly situated*,
12                                                 **DEFENDANT'S NOTICE OF SERVICE**
                                                   **OF SUBPOENA TO PROVIDE**
              Plaintiff,                           **DEPOSITION TESTIMONY AND**
13                                                 **DOCUMENTS**
       vs.
14                                                 Date:     October 26, 2018
    WELLS FARGO BANK, N.A.,                        Time:     9:30 a.m.
15                                                 Place:    Brown & Jones Reporting, INc.
              Defendant.                                      735 North Water Street, Suite M185
16                                                           Milwaukee, WI 53202

17  JOHN HASTINGS, *on behalf of himself and*
    *all others similarly situated*,
18
              Plaintiff,
19
       vs.
20
    WELLS FARGO BANK, N.A.,
21
              Defendant.
22                                                 Case No. 3:17-cv-03633-EDL

23

24

25

26

27

28

07685.1850/11719531.1                                        3:17-cv-02306-EDL
     DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND
                                                                       DOCUMENTS

1    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

3    Procedure, Defendant WELLS FARGO BANK, N.A., by its attorneys, will serve the subpoena

4    attached as **Exhibit A** on October 15, 2018, or as soon thereafter as service may be effectuated.

5

6    DATED:  October 15, 2018                SEVERSON & WERSON
                                             A Professional Corporation
7

8

9    By:    _____
                     Rebecca S. Saelao
10

11                                          Attorneys for Defendant WELLS FARGO BANK, N.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07685.1850/11719531.1                                        3:17-cv-02306-EDL
DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND
                                                                     DOCUMENTS

1

2

<u>PROOF OF SERVICE</u>
*Pieterson v. Wells Fargo Bank, N.A.,* 3:17-cv-02306-EDL

3
*John Hastings v. Wells Fargo Bank, N.A.,* 3:17-cv-03633-EDL

4

     At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One

5
Embarcadero Center, Suite 2600, San Francisco, CA 94111.

6

     On October 15, 2018, I served true copies of the following document(s):

7

**DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND DOCUMENTS**

8

9

Date:    October 26, 2018
Time:    9:30 a.m.
Place:   Brown & Jones Reporting, INc.

10
        735 North Water Street, Suite M185
        Milwaukee, WI 53202

11

on the interested parties in this action as follows:

12

13

**SEE ATTACHED SERVICE LIST**

14

     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and

15
mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that

16
the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

     Executed on October 15, 2018, at San Francisco, California.

20

21

Perla Cruz

22

23

24

25

26

27

28

SERVICE LIST
*Pieterson v. Wells Fargo Bank, N.A.*, 3:17-cv-02306-EDL
*John Hastings v. Wells Fargo Bank, N.A.*, 3:17-cv-03633-EDL

**Attorneys for Plaintiff *Albert Pieterson*:**

| | |
|---|---|
| Daniel C. Girard<br>Adam E. Polk<br>Angelica M. Ornelas<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94108 | Email: dgirard@girardsharp.com<br>Email: apolk@girardsharp.com<br>Email: aornelas@girardsharp.com<br><br>Tel.:  (415) 981-4800<br>Fax:   (415) 981-4846 |
| Frank H. Kerney, III<br>Octavio Gomez<br>John A. Yanchunis<br>**MORGAN AND MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Email: fkerney@forthepeople.com<br>Email: tgomez@forthepeople.com<br>Email: jyanchunis@forthepeople.com<br><br>Tel.:  (813) 223-5505<br>Fax:   (813) 222-4736 |
| Jonathan Betten Cohen<br>Rachel Lynn Soffin<br>**MORGAN AND MORGAN**<br>**COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Email: jcohen@forthepeople.com<br>Email: rsoffin@forthepeople.com<br><br>Tel.:  (813) 223-5505<br>Fax:   (813) 222-2434 |

**Attorneys for Plaintiff *John Hastings*:**

| | |
|---|---|
| Jonathan David Selbin<br>Daniel M. Hutchinson<br>LIEFF CABRASER HEIMANN & BERNSTEIN LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3336 | Email: jselbin@lchb.com<br>Email: dhutchinson@lchb.com<br><br>Tel.:  415-956-1000<br>Fax:   415-956-1008 |
| Andrew Kaufman<br>LIEFF CABRASER HEIMANN BERNSTEIN<br>One Nashville Place<br>150 Fourth Avenue, North<br>Suite 1650<br>Nashville, TN 37219-2423 | Email: akaufman@lchb.com<br><br>Tel.:  (615) 313-9000 |

DEFENDANT'S NOTICE OF SERVICE OF SUBPOENA TO PROVIDE DEPOSITION TESTIMONY AND
DOCUMENTS

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Albert Pieterson, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Wells Fargo Bank, N.A. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:17-cv-02306-EDL

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Anya Verkhovskaya
740 W GLEN OAKS LN, MEQUON, WI 53092-3337

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Brown & Jones Reporting, INc.<br>735 North Water Street, Suite M185<br>Milwaukee, WI 53202 | Date and Time:<br><br>10/26/2018 9:30 am |
|---|---|

The deposition will be recorded by this method:   stenographic and/or audiovisual means.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/15/2018

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Wells Fargo Bank, N.A. _____ , who issues or requests this subpoena, are:
Rebecca S. Saelao Severson & Werson, APC, One Embarcadero Center, Suite 2600, San Francisco, CA 94111,
415-398-3344, rss@severson.com,

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:17-cv-02306-EDL

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to each of the requests set forth herein and are deemed to be incorporated into each of said requests:

1.    The term "PLAINTIFFS" refers collectively to plaintiffs Albert Pieterson and John Hastings in the consolidated actions pending in the United Stated District Court for the Northern District of California, *Pieterson v. Wells Fargo Bank, N.A.*, No. 3:17-2306-cv-EDL and *Hastings v. Wells Fargo Bank, N.A.*, No. 3:17-cv-03633-EDL.

2.    The term "DOCUMENT" is used in the broadest possible sense and means any "writings," "recordings," or "photographs" as those terms are defined by Rule 1001 of the Federal Rules of Evidence and case law, including materials stored electronically or electromagnetically (such as electronic mail), and any drafts, alterations, modifications, and amendments of those writings, recordings, photographs, or materials.

3.    The term "COMMUNICATIONS" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form (e.g., email, letter, notes, telephone conversation), including without limitation all correspondence and advertisements.

4.    "YOU" and "YOUR" means Anya Verkhovskaya and (i) all of her present and former employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, (ii) any other person or entity acting on his behalf or on whose behalf he acted, or (iii) any other person or entity otherwise subject to his control or with which he shares common control.

## REQUEST FOR DOCUMENTS

(1) The names, addresses and cellular telephone numbers of persons whom YOU contend are not Wells Fargo customers and whose telephone numbers were produced as part of WF_Pieterson 003416 and 004007-004008.

(2) The names, addresses and cellular telephone numbers of persons whom YOU contend are members of the putative class PLAINTIFFS seek to certify in the above-captioned case and whose telephone numbers were produced as part of WF_Pieterson 003416 and 004007-004008.

(3) The list of telephone numbers included in WF_Pieterson 003416 and 004007-004008 that YOU contend are associated with non-Wells Fargo customers.

(4) The list of telephone numbers included in WF_Pieterson 003416 and 004007-004008 that YOU contend are associated with members of the putative class PLAINTIFFS seek to certify in the above-captioned case.

(5)    The names, addresses and cellular telephone numbers of persons whom YOU contend are not Wells Fargo customers and whose telephone numbers were produced as part of WF_Pieterson 004065.

(6) The names, addresses and cellular telephone numbers of persons whom YOU contend are members of the putative class PLAINTIFFS seek to certify in the above-captioned case and whose telephone numbers were produced as part of WF_Pieterson 004065.

(7) The list of telephone numbers included in WF_Pieterson 004065 that YOU contend are associated with non-Wells Fargo customers.

(8) The list of telephone numbers included in WF_Pieterson 004065 that YOU contend are associated with members of the putative class PLAINTIFFS seek to certify in the above-captioned case.

(9)     All documents which YOU reviewed, read, or relied on in connection with YOUR expert assignment and/or report in this case.

(10)     All reports, COMMUNICATIONS, memoranda, writings, exhibits, or other documents prepared by YOU in the course of YOUR expert assignment in this case.

(11)     All reports, COMMUNICATIONS, memoranda, writings or other documents which reflect COMMUNICATIONS between YOU and PLAINTIFFS.

(12)     All COMMUNICATIONS between YOU and PLAINTIFFS' attorneys that identify facts or data provided by PLAINTIFFS' attorneys that YOU considered in forming YOUR opinion.

(13)     All COMMUNICATIONS between you and PLAINTIFFS' attorneys that identify assumptions provided by PLAINTIFFS' attorneys on which YOU relied upon in forming YOUR opinion.

(14)     All DOCUMENTS which reflect or refer to COMMUNICATIONS with anyone in connection with YOUR assignment in this case.

(15)     Any and all treatises, public information, pamphlets, books, or other research documents which YOU reviewed or consulted to formulate YOUR opinion offered in YOUR report.

(16)     All retainer agreements and billing files and writings, including electronic files, pertaining to or reflecting in any way PLAINTIFFS', or their attorneys of record, retention of YOU as an expert witness or consultant in this case and the services that YOU have performed or will perform herein.

(17)     A current curriculum vitae.

(18)    A list of all articles, books, pamphlets, or other writings drafted by YOU which have been published.

(19)    A list of all cases in which YOU have given deposition or trial testimony in the last 10 years.

(20)    All chart, exhibits, or demonstrative aids of any kind which YOU have used or anticipate using in connection with any deposition or trial in this action.

EXHIBIT D

## Angelica Ornelas

| | |
|---|---|
| **From:** | Hutchinson, Daniel M. <dhutchinson@lchb.com> |
| **Sent:** | Tuesday, October 16, 2018 10:51 PM |
| **To:** | 'Rebecca S. Saelao'; Angelica Ornelas |
| **Cc:** | Daniel Girard; Selbin, Jonathan D.; Kaufman, Andrew R.; Mark D. Lonergan; John B. Sullivan |
| **Subject:** | RE: Pieterson v. Wells Fargo Bank |

Rebecca:

Your after-hours requests and arbitrary deadlines are inappropriate. Wells Fargo has already violated Local Rule 30-1 in noticing these depositions. Angelica offered to meet and confer on ALL the pending expert discovery issues. I suggest that you take her up on that offer.

-----Original Message-----
From: Rebecca S. Saelao [mailto:rss@severson.com]
Sent: Tuesday, October 16, 2018 10:41 PM
To: Angelica Ornelas
Cc: Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.; Mark D. Lonergan; John B. Sullivan
Subject: Re: Pieterson v. Wells Fargo Bank

Angelica,

We have asked several times for some basic information that will permit the parties to efficiently schedule depositions. We have asked whether plaintiffs will agree to accept service of the deposition subpoenas and whether they are agreeable to make experts available in San Francisco. We have already incurred unnecessary expenses due to plaintiffs' continued refusal to provide this information. In addition, we promptly provided notice of Wells Fargo's intent to depose Ms. Verkhovskaya as soon as possible.

You now appear to condition providing any information on our providing you information first. But we cannot know when our experts are available until we know where the depositions will take place.

We intend to depose Ms. Verkhovskaya in October. Our intention is to make Ms. Daley available for deposition as soon after Ms. Verkhovskaya's deposition as possible while still allowing sufficient time for plaintiffs to explore her critique of Anya at her deposition.

Please tell us the date or dates on which you propose to produce Ms. Verkhovskaya, and the location. Upon receipt of that information, we intend to get back to you with proposed dates for Ms. Daley, with the above goal in mind.

Additionally, we have requested dates when Mr. Snyder is available, and the location.

Please provide this information by close of business Wednesday 10/17, or provide us with lead counsel's availability for an in person meet and confer at Severson for Thursday, 10/18. The timing of the rebuttal report deadline requires that these issues be immediately resolved.


Thank you,


Rebecca S. Saelao


On Oct 16, 2018, at 9:20 PM, Angelica Ornelas <aornelas@girardsharp.com<mailto:aornelas@girardsharp.com>> wrote:

I have an update re scheduling. Let's discuss when you have dates for your folks.

Thanks,

Angelica M. Ornelas
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800 (p)
(415) 981-4846 (f)
amo@girardgibbs.com<mailto:amo@girardgibbs.com>
www.girardgibbs.com<http://www.girardgibbs.com>

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to immediately delete it from your electronic device and to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.
_____
From: Angelica Ornelas
Sent: Tuesday, October 16, 2018 4:15:58 PM
To: Rebecca S. Saelao; Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: RE: Pieterson v. Wells Fargo Bank


Rebecca,


We will get back to you as soon as possible with our experts' availability for deposition; we'd appreciate you checking with Wells Fargo's experts and letting us know their availability as well. It makes sense to settle these scheduling matters at the same time.


Thanks,

Angelica

From: Rebecca S. Saelao [mailto:rss@severson.com]
Sent: Tuesday, October 16, 2018 4:10 PM
To: Angelica Ornelas; Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: RE: Pieterson v. Wells Fargo Bank


Angelica,


We'll certainly cooperate regarding scheduling of depositions.  But time is of the essence, given the period for expert discovery and the fact that we need to explore plaintiffs' experts' opinions and the bases therefore so that Wells Fargo's experts can respond to them.  This will also impact plaintiffs' depositions of Wells Fargo's experts, since we presume that plaintiffs will want to explore, at those depositions, what criticisms Wells Fargo's experts have of plaintiffs' experts' work.


Please provide dates that Anya Verkhovskaya and Randall Snyder are available for deposition, and let us know whether you will accept service of deposition notices in lieu of subpoenas and make them available in San Francisco.  Once these are set, we will provide our experts' availability.


Thank you,


Rebecca

<image001.png><http://www.severson.com/>


Rebecca S. Saelao
Attorney
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5684
Email: rss@severson.com<mailto:rss@severson.com>   www.severson.com<http://www.severson.com>


This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

From: Angelica Ornelas [mailto:aornelas@girardsharp.com]
Sent: Tuesday, October 16, 2018 1:50 PM
To: Rebecca S. Saelao; Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: RE: Pieterson v. Wells Fargo Bank

Rebecca,

The noticed dates do not work for our side, but we will get back to you on alternate dates and the other matters raised in your email. When are Wells Fargo's experts available for deposition?

Thank you,

Please note our new firm name and visit our new website: www.girardsharp.com<http://www.girardsharp.com/>

Angelica M. Ornelas

GIRARD | SHARP

601 California Street, Suite 1400

San Francisco, CA 94108

415.981.4800 (main)

415.544.6163 (direct)

aornelas@girardsharp.com<mailto:aornelas@girardsharp.com>

www.girardsharp.com<http://www.girardsharp.com/>

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

From: Rebecca S. Saelao [mailto:rss@severson.com]
Sent: Monday, October 15, 2018 7:30 PM
To: Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Angelica Ornelas; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: Pieterson v. Wells Fargo Bank


Counsel,


Please see the attached notices, which were served by mail today.  Per the notices, Wells Fargo intends to serve the attached deposition subpoenas on Anya Verkhovskaya.  Please let us know whether you will accept service of the attached subpoenas, otherwise we have arranged to have them served directly on Ms. Verkhovskaya.


If you would like to enter into a reciprocal agreement to make experts available in the Northern District of California, we would be amenable to such an agreement.  If so, we have noticed the deposition to occur October 25, in San Francisco. If travel to Milwaukee is necessary, we have noticed the deposition to occur October 26. Please let us know which date and noticed location you and Ms. Verkhovskaya prefer.


Thank you,


Rebecca S. Saelao


<image001.png><http://www.severson.com/>


Perla S. Cruz
Legal Assistant/Word Processor
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5648
Email: psc@severson.com<mailto:psc@severson.com>   www.severson.com<http://www.severson.com>

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

EXHIBIT E

**Angelica Ornelas**

| | |
|---|---|
| **From:** | Rebecca S. Saelao <rss@severson.com> |
| **Sent:** | Wednesday, October 17, 2018 5:17 PM |
| **To:** | Angelica Ornelas |
| **Cc:** | Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.; Mark D. Lonergan; John B. Sullivan |
| **Subject:** | RE: Pieterson v. Wells Fargo Bank |

Thanks, Angelica.  We will be in touch asap, likely tomorrow morning, with Ms. Daley's availability.

Rebecca

**From:** Angelica Ornelas [mailto:aornelas@girardsharp.com]
**Sent:** Wednesday, October 17, 2018 4:27 PM
**To:** Rebecca S. Saelao
**Cc:** Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.; Mark D. Lonergan; John B. Sullivan
**Subject:** RE: Pieterson v. Wells Fargo Bank

Rebecca,

Anya is available November 2 in Milwaukee. Please confirm.

We are still working to pin down specific dates for Randy's deposition in Las Vegas and think that should occur after he's had an opportunity to inspect the dialers. When can we do the inspection?

Please let us know the availability of Wells Fargo's experts so that we can work out a deposition schedule that works for everyone.

Thank you,


Please note our new firm name and visit our new website: www.girardsharp.com

Angelica M. Ornelas
GIRARD | SHARP
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800 (main)
415.544.6163 (direct)
aornelas@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

-----Original Message-----
From: Rebecca S. Saelao [mailto:rss@severson.com]
Sent: Tuesday, October 16, 2018 10:41 PM
To: Angelica Ornelas
Cc: Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.; Mark D. Lonergan; John B. Sullivan
Subject: Re: Pieterson v. Wells Fargo Bank


Angelica,


We have asked several times for some basic information that will permit the parties to efficiently schedule depositions. We have asked whether plaintiffs will agree to accept service of the deposition subpoenas and whether they are agreeable to make experts available in San Francisco. We have already incurred unnecessary expenses due to plaintiffs' continued refusal to provide this information. In addition, we promptly provided notice of Wells Fargo's intent to depose Ms. Verkhovskaya as soon as possible.


You now appear to condition providing any information on our providing you information first. But we cannot know when our experts are available until we know where the depositions will take place.


We intend to depose Ms. Verkhovskaya in October. Our intention is to make Ms. Daley available for deposition as soon after Ms. Verkhovskaya's deposition as possible while still allowing sufficient time for plaintiffs to explore her critique of Anya at her deposition.


Please tell us the date or dates on which you propose to produce Ms. Verkhovskaya, and the location. Upon receipt of that information, we intend to get back to you with proposed dates for Ms. Daley, with the above goal in mind.


Additionally, we have requested dates when Mr. Snyder is available, and the location.


Please provide this information by close of business Wednesday 10/17, or provide us with lead counsel's availability for an in person meet and confer at Severson for Thursday, 10/18. The timing of the rebuttal report deadline requires that these issues be immediately resolved.


Thank you,


Rebecca S. Saelao


On Oct 16, 2018, at 9:20 PM, Angelica Ornelas
<aornelas@girardsharp.com<mailto:aornelas@girardsharp.com>> wrote:

I have an update re scheduling. Let's discuss when you have dates for your folks.

Thanks,

Angelica M. Ornelas
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800 (p)
(415) 981-4846 (f)
amo@girardgibbs.com<mailto:amo@girardgibbs.com>
www.girardgibbs.com<http://www.girardgibbs.com>

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to immediately delete it from your electronic device and to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.
_____
From: Angelica Ornelas
Sent: Tuesday, October 16, 2018 4:15:58 PM
To: Rebecca S. Saelao; Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: RE: Pieterson v. Wells Fargo Bank


Rebecca,


We will get back to you as soon as possible with our experts' availability for deposition; we'd appreciate you checking with Wells Fargo's experts and letting us know their availability as well. It makes sense to settle these scheduling matters at the same time.


Thanks,

Angelica


From: Rebecca S. Saelao [mailto:rss@severson.com]
Sent: Tuesday, October 16, 2018 4:10 PM
To: Angelica Ornelas; Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: RE: Pieterson v. Wells Fargo Bank


Angelica,

We'll certainly cooperate regarding scheduling of depositions. But time is of the essence, given the period for expert discovery and the fact that we need to explore plaintiffs' experts' opinions and the bases therefore so that Wells Fargo's experts can respond to them. This will also impact plaintiffs' depositions of Wells Fargo's experts, since we presume that plaintiffs will want to explore, at those depositions, what criticisms Wells Fargo's experts have of plaintiffs' experts' work.

Please provide dates that Anya Verkhovskaya and Randall Snyder are available for deposition, and let us know whether you will accept service of deposition notices in lieu of subpoenas and make them available in San Francisco. Once these are set, we will provide our experts' availability.

Thank you,

Rebecca

<image001.png><http://www.severson.com/>

Rebecca S. Saelao
Attorney
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344 Direct: (415) 677-5684
Email: rss@severson.com<mailto:rss@severson.com> www.severson.com<http://www.severson.com>

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

From: Angelica Ornelas [mailto:aornelas@girardsharp.com]
Sent: Tuesday, October 16, 2018 1:50 PM
To: Rebecca S. Saelao; Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: RE: Pieterson v. Wells Fargo Bank

Rebecca,

The noticed dates do not work for our side, but we will get back to you on alternate dates and the other matters raised in your email. When are Wells Fargo's experts available for deposition?

Thank you,

Please note our new firm name and visit our new website:
www.girardsharp.com<http://www.girardsharp.com/>

Angelica M. Ornelas

GIRARD | SHARP

601 California Street, Suite 1400

San Francisco, CA 94108

415.981.4800 (main)

415.544.6163 (direct)

aornelas@girardsharp.com<mailto:aornelas@girardsharp.com>

www.girardsharp.com<http://www.girardsharp.com/>

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

From: Rebecca S. Saelao [mailto:rss@severson.com]
Sent: Monday, October 15, 2018 7:30 PM
To: Daniel Girard; Selbin, Jonathan D.; Hutchinson, Daniel M.; Angelica Ornelas; Kaufman, Andrew R.
Cc: Mark D. Lonergan; John B. Sullivan
Subject: Pieterson v. Wells Fargo Bank

Counsel,

Please see the attached notices, which were served by mail today. Per the notices, Wells Fargo intends to serve the attached deposition subpoenas on Anya Verkhovskaya. Please let us know whether you will accept service of the attached subpoenas, otherwise we have arranged to have them served directly on Ms. Verkhovskaya.

If you would like to enter into a reciprocal agreement to make experts available in the Northern District of California, we would be amenable to such an agreement. If so, we have noticed the deposition to occur October 25, in San Francisco. If travel to Milwaukee is necessary, we have noticed the deposition to occur October 26. Please let us know which date and noticed location you and Ms. Verkhovskaya prefer.

Thank you,

Rebecca S. Saelao

<image001.png><http://www.severson.com/>

Perla S. Cruz
Legal Assistant/Word Processor
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344 Direct: (415) 677-5648
Email: psc@severson.com<mailto:psc@severson.com> www.severson.com<http://www.severson.com>

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

EXHIBIT F

## Angelica Ornelas

| | |
|---|---|
| **From:** | Hutchinson, Daniel M. <dhutchinson@lchb.com> |
| **Sent:** | Thursday, October 18, 2018 9:56 PM |
| **To:** | 'Mark D. Lonergan'; Angelica Ornelas |
| **Cc:** | Daniel Girard; Selbin, Jonathan D.; Rebecca S. Saelao; Kaufman, Andrew R. |
| **Subject:** | RE: Pieterson/Hastings / expert witness and class certification issues |
| **Attachments:** | October 18, 2018 Letter to Severson & Werson.pdf |

Good evening counsel.

As an initial matter, this is Wells Fargo's second after-hours request within the past 48 hours demanding immediate action the following morning.  Such demands are both inappropriate and unnecessary.  As your own email notes, the parties have discussed the expert discovery schedule in good faith and made significant progress in setting dates.

First, Rebecca requested deposition dates for Ms. Verkhovskaya during the week of October 29 that did not interfere with her parental commitments for Halloween.  Plaintiffs' counsel provided precisely that by offering a deposition for Ms. Verkhovskaya on November 2 – a date during the week of October 29 that would not require work or travel on Halloween. That is also Ms. Verkhovskaya's first available date.  While we certainly can (and will) ask her again, we do not expect her availability to change.

Given that Plaintiffs offered exactly what Wells Fargo requested, we are therefore quite surprised that your email threatens that Ms. Verkhovskaya is purportedly "obligated to appear for deposition on October 26."  Rather, as we have noted, Wells Fargo violated Local Rule 30-1 by noticing Ms. Verkhovskaya's deposition without meeting and conferring.  Plaintiffs' counsel promptly informed you both of that fact and that the noticed date does not work.  Under these circumstances, there is absolutely no basis for Wells Fargo to compel Ms. Verkhovskaya's appearance for deposition on October 26.

Second, Plaintiffs still await confirmation of a date when Mr. Snyder can inspect Wells Fargo's dialers.  Plaintiffs raised this issue with Wells Fargo two weeks ago on October 5, 2018, and have followed up on several occasions.  Wells Fargo, however, never responded.  Instead, Wells Fargo arranged a site visit for its own expert on October 12, 2018, without informing Plaintiffs' counsel.  This tactic was both inefficient and improper.  The parties now have to arrange a second inspection when Mr. Snyder could have just conducted his inspection on October 12.  It makes little sense to conduct a deposition of Mr. Snyder before he can inspect the dialers.  Such an inspection is required by Rule 26 as Mr. Woolfson relied on his own inspection of the dialers to form his opinions.  Please confirm when Mr. Snyder can inspect the dialers.

Third, Wells Fargo is required to provide deposition dates for its own experts.  The Court set the same expert discovery schedule for all parties.  Plaintiffs' rebuttal reports are due the same day as Well Fargo's rebuttal reports—November 14, 2018.  Since our deadlines are exactly the same, there is no reason that Wells Fargo must go first.  Ms. Verkhovskaya will rebut Ms. Daley's opinions just as Ms. Daley will attempt to rebut Ms. Verkhovskaya's expert report—all on the same November 14, 2018 date.  Your email admits that Wells Fargo seeks to manipulate the deposition dates to allow Ms. Daley to present new opinions that she does not currently possess in response to Ms. Verkhovskaya's forthcoming deposition testimony—and without providing Plaintiffs that same opportunity.  Wells Fargo's attempts to stagger the depositions to gain a litigation advantage are both improper and contrary to the Court's order setting simultaneous deadlines.  Nonetheless, in an attempt to address Wells Fargo's concerns about the length of the expert discovery period, Plaintiffs have proposed that Ms. Daley's deposition take place on November 5, 2018, and that Mr. Woolfson's deposition take place on November 9, 2018.  Wells Fargo has not indicated that those dates do not

work. Accordingly, Plaintiffs will depose Wells Fargo's experts on those dates, but are open to discussing mutually convenient earlier dates.

Finally, while we are willing to meet and confer further regarding these scheduling issues, Plaintiffs' lead counsel cannot do so tomorrow in person. Jonathan and I will be out of state, and Dan is out of the country. I therefore suggest that the parties continue their telephonic meet and confer, and we can revisit on Monday whether an in-person meet and confer is necessary.

Best regards,
Daniel

**Lieff**
**Cabraser**
**Heimann** &
**Bernstein**
Attorneys at Law

**Daniel M. Hutchinson**
dhutchinson@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

---

**From:** Mark D. Lonergan [mailto:mdl@severson.com]
**Sent:** Thursday, October 18, 2018 5:29 PM
**To:** Angelica Ornelas (aornelas@girardsharp.com)
**Cc:** Daniel Girard (dgirard@girardsharp.com); Selbin, Jonathan D.; Hutchinson, Daniel M.; Rebecca S. Saelao
**Subject:** Pieterson/Hastings / expert witness and class certification issues

Angelica, I know that you and Rebecca began discussing expert witness issues today. We tried you back this afternoon but got your voicemail. For that reason, and to make sure that we don't have any misunderstandings about Wells Fargo's position on expert witnesses, we are sending you an email to recap our position.

- We have served one of your two experts, Anya Verkhovskaya, with a subpoena compelling her to sit for a deposition on October 26, 2018 in Milwaukee. Plaintiffs have proposed that this deposition take place on November 2 instead. It is my understanding that this is the earliest (and in fact only) date on which Ms. Verkhovskaya has agreed to sit for a deposition; please let me know if this is incorrect. We are willing to continue discussing alternative dates for this deposition but, until we reach agreement, it is our position that she is obligated to appear for deposition on October 26. Even if we reach agreement on an alternative date, it is our position that she is obligated to produce all of her work papers and the other documents sought in the subpoena on October 26. Please confirm that Ms. Verkhovskaya will be complying with this obligation.

- As I believe Rebecca conveyed in your conversation earlier today, we feel that plaintiffs' position re experts is unreasonable given the current case schedule. The parties have essentially one month (from October 15 to November 14 through 16) to complete the following: initial exchange of expert reports, depositions, rebuttal reports, and plaintiffs' filing of their motion for class certification. This is a very condensed schedule, as I'm sure plaintiffs would agree. Given this schedule, of which plaintiffs and Ms. Verkhovskaya were aware, and the fact that plaintiffs are relying upon Ms. Verkhovskaya's opinions to show that the requirements for class certification are met in this case, it is unreasonable for her not to be available for deposition until November 2—which essentially burns 3 weeks of the four weeks we have before the class certification motion is filed.

- We understand that plaintiffs need to depose Peggy Daley and are willing to work with you in that regard. We've offered November 9 in San Francisco, and I understand you'd like to take that deposition

earlier. The problem with an earlier deposition of Ms. Daley (beyond the usual scheduling conflicts) is that you're only offering to produce Ms. Verkhovskaya on November 2. As I'm sure plaintiffs understand—and as explicitly noted in Ms. Daley's initial report—she's necessarily commenting and opining on Ms. Verkhovskaya's proposed methodology for identifying class members and establishing liability based on class-wide evidence. Even though we now have Ms. Verkhovskaya's report in hand, it contains essentially no details on her proposed methodology, doesn't identify any putative members of the class, etc. We need her work papers and her deposition to ferret out what she's proposing to do. And Ms. Daley will need more than two days to absorb Ms. Verkhovskaya's deposition testimony and prepare her critique.  So, if you were to take Ms. Daley's deposition immediately on the heels of our taking Ms. Verkhovskaya's deposition, you wouldn't learn what criticisms Ms. Daley has of Ms. Verkhovskaya's work, which we assume is a central purpose of your taking that deposition.

- For these reasons, we want to depose Ms. Verkhovskaya earlier than November 2. Do you have any earlier dates to propose? If we move this deposition up, we are willing to give you earlier dates for Ms. Daley (earlier than the November 9 date we've proposed). This will mitigate some of plaintiffs' time pressure in this matter.

- If plaintiffs are not willing to produce Ms. Verkhovskaya earlier, we have a couple of options. One is that Wells Fargo will seek a court order compelling her to sit for an earlier deposition. We reserve our right to seek that relief. We also reiterate our request for an in-person meet and confer with plaintiffs' lead counsel tomorrow, in our office. Plaintiffs never responded to our prior request that the in-person meet and confer occur today. Another alternative would be for the parties to try to work out new dates for experts (reports and depositions) and class certification, so that the process is not so condensed. This would require moving dates for the briefing and hearing on class certification, and of course court approval of an adjusted schedule. We are open to discussing this if plaintiffs are amenable.

- Finally, we note our view that the issues with respect to Mr. Snyder and Mr. Woolfson are not so critical; we think their respective opinions regarding the technology used by Wells Fargo and whether it satisfies the statutory definition of an ATDS will not have a significant impact on class certification, so we have more time to complete those depositions. If plaintiffs disagree, then this would make the time pressures described above even more acute. Please advise of plaintiffs' position on this.

We certainly would prefer to work these issues out informally and we look forward to hearing back from plaintiffs. However, if these issues cannot be resolved tomorrow, we intend to file a motion seeking the Court's assistance. If plaintiffs are unable or unwilling to meet and confer in person as required under the Court's local rules, we will of course explain that circumstance in our portion of the brief. Thank you.



**Mark D. Lonergan**
**Attorney**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5613 Cell: (510) 418-5951
Email: mdl@severson.com   www.severson.com

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately

by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

EXHIBIT G

**Angelica Ornelas**

| | |
|---|---|
| **From:** | Angelica Ornelas |
| **Sent:** | Tuesday, October 23, 2018 1:14 PM |
| **To:** | Rebecca S. Saelao; Hutchinson, Daniel M. (dhutchinson@lchb.com); Daniel Girard; Selbin, Jonathan D.; Kaufman, Andrew R. |
| **Cc:** | Mark D. Lonergan; Genevieve R. Walser-Jolly |
| **Subject:** | Re: Pieterson / letter brief re expert witness issues |

Rebecca,

We know you intend to file your letter brief today, and while we are making progress on our portion, we will not be able to provide it to you today. Dan and I are in court on another matter this afternoon, and Daniel is traveling from a hearing in Chicago.

We met and conferred yesterday morning, the first business day Dan was available after being out of the country. And, as Daniel communicated to you during yesterday's meeting, he flew back from the Midwest Sunday night in order to attend in-person and flew back out yesterday for a hearing in Chicago. Prior to our in-person meet and confer, I had several phone calls and emails with you on these issues. So we recognize the importance of making progress here.

Best,

Angelica M. Ornelas
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800 (p)
(415) 981-4846 (f)
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to immediately delete it from your electronic device and to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.

**From:** Rebecca S. Saelao <rss@severson.com>
**Sent:** Tuesday, October 23, 2018 1:09:04 PM
**To:** Angelica Ornelas; Hutchinson, Daniel M. (dhutchinson@lchb.com); Daniel Girard; Selbin, Jonathan D.; Kaufman, Andrew R.
**Cc:** Mark D. Lonergan; Genevieve R. Walser-Jolly
**Subject:** RE: Pieterson / letter brief re expert witness issues

Angelica,

Please see the attached redline of our portion of the letter brief. The substance is the same. We added a couple cites. Also attached is the draft declaration of Mark Lonergan in support.

Please advise if we will receive plaintiffs' portion today.  If not, we intend to file separately.

Sincerely,

Rebecca S. Saelao



**Rebecca S. Saelao**
**Attorney**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5684
Email: rss@severson.com   www.severson.com

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.

---

**From:** Angelica Ornelas [mailto:aornelas@girardsharp.com]
**Sent:** Monday, October 22, 2018 9:18 PM
**To:** Mark D. Lonergan; Hutchinson, Daniel M. (dhutchinson@lchb.com); Daniel Girard; Selbin, Jonathan D.; Kaufman, Andrew R.
**Cc:** Rebecca S. Saelao; Genevieve R. Walser-Jolly
**Subject:** RE: Pieterson / letter brief re expert witness issues

Mark,

We are in receipt of Wells Fargo's portion of the joint letter, and we will provide our portion as soon as possible. Note that Judge Laporte's Standing Order provides "Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments." Given that Wells Fargo began working on its section of the joint letter prior to our in-person meet and confer this morning and provided the draft at 4:59 pm today, we do not believe that demanding our portion of the joint letter by tomorrow complies with Judge Laporte's order. We will work as expeditiously as possible to get your our portion of the joint letter but that will likely take more than 24 hours.

Thank you,

*Please note our new firm name and visit our new website:* ***www.girardsharp.com***

**Angelica M. Ornelas**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800 (main)
415.544.6163 (direct)
aornelas@girardsharp.com
www.girardsharp.com

This email and its attachments may be attorney-client privileged or attorney work product. If you are not the intended recipient, please do not copy or distribute it, but instead please delete it and notify us by email or telephone (415.981.4800). Thank you.

**From:** Mark D. Lonergan [mailto:mdl@severson.com]
**Sent:** Monday, October 22, 2018 4:59 PM
**To:** Angelica Ornelas; Hutchinson, Daniel M. (dhutchinson@lchb.com); Daniel Girard; Selbin, Jonathan D.
**Cc:** Rebecca S. Saelao; Genevieve R. Walser-Jolly
**Subject:** Pieterson / letter brief re expert witness issues

Thank you for time this morning meeting and conferring over expert witness issues in this case. Attached please find Wells Fargo's portion of the discovery dispute letter brief we intend to submit to the Court. Please provide plaintiffs' portion of the brief as soon as possible, and no later than tomorrow, as we intend to file this tomorrow. Note that we are presently working under the assumption that we will be able to produce Daley on November 5. Thanks.



**Mark D. Lonergan**
**Attorney**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Main: (415) 398-3344   Direct: (415) 677-5613 Cell: (510) 418-5951
Email: mdl@severson.com   www.severson.com

This message, and any derivative transmission, may contain privileged and/or confidential information. If you are not the intended recipient, do not use, rely on, disseminate, or copy this material. If you received this transmission in error, please immediately notify the sender and delete the transmission.